The next case today is John Waters v. Day & Zimmermann NPS, Inc. Appeal Number 20-1997. Attorney Sammons, please introduce yourself for the record and proceed with your argument. Thank you and good morning. Your Honors, may it please the Court. I'm David Salmons on behalf of Appellant Day & Zimmermann. I'd like to reserve three minutes for rebuttal. You may. In Bristol-Myers-Squibb, the Supreme Court held that due process forbids courts from exercising specific personal jurisdiction over out-of-state plaintiffs even when they seek to combine with in-state plaintiffs raising similar claims. The rule adopted by the Supreme Court is clear. All party plaintiffs must demonstrate that the forum would have jurisdiction over their claims standing alone. The District Court held that applying Bristol-Myers to FLSA collective actions would be contrary to Congress' intent. But that conclusion disregards the text, history, and precedent under the FLSA in three critical respects. First, Congress made clear that FLSA opt-ins are full party plaintiffs in control of their own individual claim with the same status as plaintiffs that filed the collective action. Second, Congress expressly directed that normal territorial limits apply to FLSA claims. And third, applying the Bristol-Myers rule here would still permit nationwide collective actions in the forums that have general jurisdiction over the defendants here in Pennsylvania and Delaware. Let me start with the fact that the FLSA opt-ins are full party plaintiffs on the same legal footing as the plaintiffs that file the collective action. Congress in Section 216B characterizes the act of opting in as the right of any employee to become a party plaintiff to any such action. And in Section 216C, it uses the same term, individual claimant, to refer both to plaintiffs that file their own complaint and those that opt-in. Each opt-in plaintiff brings and controls his or her own claim. Each has the right to use his or her own counsel. Each cannot benefit or be bound by the action unless he or she opts in. And the statute of limitations does not toll until the individual plaintiff commences his or her own claim by opting in. All this shows that each plaintiff choosing to opt in to an FLSA collective action is a real party in interest, just like every plaintiff that opts to join in a mass action. That's point one. Point two is that Congress made clear that it wanted normal territorial limits on jurisdiction to apply to FLSA actions. It did so in two regards. First, by not providing for nationwide service of process, which is what Congress does when it wants to eliminate those jurisdictional limits on federal courts. And second, Congress did more than that here. It provided specifically in 216B that FLSA claims may only be brought in any federal or state court of competent jurisdiction. That clear language defeats any notion that Congress was seeking to create a broad right to bring nationwide collective actions in as many federal courts as possible. Congress did the opposite. It treated FLSA actions the same, whether filed in state or federal court, and it ensured that the traditional territorial limits on those courts apply. This is Judge Teich. The fifth amendment, rather than the 14th amendment, governs the reach of jurisdiction in federal question cases, as this court said in the Swiss case. You agree that in this case, there wasn't any requirement for further service of process, so there's no reason to look to rule four, which only deals with service of process. And if there's no further need to look for service of process and the fifth amendment governs, why is there a lack of jurisdiction for these additional claims? Your Honor, I think the answer to that has to do with the operative terms of rule 4K and how it works. And the part of the court's question that I would disagree with is the notion that rule 4K, that all it does is provide directions on the means of effective service of summons. It does more than that, and this court, in all of its cases discussing rule 4K, make this clear. It requires... Before you answer that, just think about this point, though. Am I right that for your answer to work, the word plaintiff in rule 4 has to cover the optins? Well, I think that it does cover the optins, Your Honor, and I think that whenever you have a party that is actually a real party in interest, what rule 4K provides is that the federal court cannot exercise personal jurisdiction unless the state court would have the authority to do so. Does that mean your position is that the requirements of rule 4 with respect to service of a process apply to all the optins? Well, it's not that the service of process applies, it's that the limitation on... I know, but what I'm saying is the word plaintiff is in rule 4, and its obligation is imposed on the plaintiff. So, you seem to be wanting to have it both ways, where the plaintiff is the named plaintiff for service of process, but somehow under rule 4, the optins are subject to a due process limitation through rule 4. I don't quite follow that. Well, let me be clear, Your Honor. Our position is that the optin plaintiffs are full plaintiffs, they're full party plaintiffs, once they join the action by filing their written optin, they're on the same footing as any other plaintiff in the case, and the statute makes that clear. That's not my question. My question is, are they the plaintiff under rule 4? Well, they are for purposes of 1A, that provides that the federal court can't exercise jurisdiction unless... So, yes, they are. But not other parts of rule 4? Well, I think they are, but they're only a plaintiff once they join, Your Honor. In other words, when that initial complaint is served, the optin plaintiffs are not present in the case, and they can't be present in the case unless they formally opt in. And that's one of the big differences between FLSA collective actions and, for example, rule 23 class actions. Their claims are not in the case at the time the complaint is filed. They are added later through the optin procedures of the act, but they opt in as full plaintiffs subject to the same jurisdictional limit. It would be, Your Honor, the same... You agree that there doesn't have to be further service of process? Well, I think that's right, Your Honor, but I don't think that's particularly novel, nor does it answer the question of how rule 4K operates. You would have the same effect any time a plaintiff files an amended complaint and adds new parties, new plaintiffs, new claims. Those amended complaints aren't formally served under rule 4K, but yet the limitation on the exercise of federal court jurisdiction still remains. And that's the fundamental difference in this court. That's true for adding a new party? They added a new defendant? Well, a new defendant, but if they add new plaintiffs, Your Honor, new defendants, the rule does say that you have to provide service to that new defendant. But with regard to adding new plaintiffs and new claims, that happens through an amendment procedure to the complaint that is not formally served as a summons under rule 4K, typically. The same is true with, I think, a lot of joinder of parties. And in this court's cases, and I want to emphasize this, you cannot read 4K that narrowly consistent with this court's cases. If you look at this court's decision in Lorelei, for example, the court made clear that even though the familiar 14th Amendment minimum contacts doctrine doesn't directly restrain federal courts in federal question cases, under the existing statutory framework, the court said, the minimum contacts analysis acts indirectly as a precondition to the exercise of personal jurisdiction. Baskin and Robbins says the same, the Supreme Court says the same, and Walden and Daimler, Wright and Miller makes this point very clear, Your Honor, that these are all cases in which there was no distinction between the name plaintiffs and opt-ins. We didn't have a separate statute that has the possibility of somebody bringing the claim on behalf of others who get to join it without filing their own complaint. They just do a consent form. That consent form is how they commence their action against the defendant. And the statute, again, is absolutely clear about this. But there's no additional service. If the defendant is properly brought in and there's no additional service, I guess I'm just not totally following your argument. Our argument, Your Honor, is that if you look at the plain terms of Rule 4K1A, it says that even when you otherwise have legitimate service, you know, you follow all the rules for service, there's two requirements. You have to have service consistent with the state long-arm statute, and that defendant has to be subject to the jurisdiction of the court of general jurisdiction in the state. And the Supreme Court in BMS made clear that it's a claim-by-claim analysis. Mr. Sammons, there's no question that's true as to the named plaintiff. The question is, does Rule 4, in light of the way the FLSA is constructed, extend that requirement to the opt-ins? And I guess I'm still not following what your textual argument is in that regard. Your Honor, our argument is that Congress, through Rule 4K, made clear that federal courts, unless there's a nationwide service of process provision in the federal statute, Congress expected federal courts to exercise personal jurisdiction only consistent with the jurisdiction that the state court could exercise. As this court said in Baskin-Robbins, isn't that true as to the plaintiff? Your Honor, sure, but the point, the statutory point with regard to the FLSA is the FLSA makes each opt-in plaintiff the plaintiff for purposes of their own claim. What I'm saying is, if that were true, and you ran through Rule 4, treating each of the opt-ins as the plaintiff under Rule 4, wouldn't all the other requirements of Rule 4 then necessarily attach to the opt-ins? And that doesn't make much sense. You're not even arguing that we should do that. I'm sorry, Your Honor, what doesn't make sense? That all of the requirements of Rule 4 would then apply to the opt-ins. You're not saying that. No, I think there are two, and this court's cases make this clear, there are two separate requirements in Rule 4K. One has to do with the nature of the service, and the other has to do with whether Congress has authorized the federal court to exercise jurisdiction. And, for example, you know, again, this court in Baskin-Robbins says that in these circumstances, the federal court is the functional equivalent of a state court sitting in the forum state, if I may continue. I'll finish your answer. And, you know, the fundamental point here, in addition, Your Honor, is that BMS and the Supreme Court made clear that the due process analysis has to be undertaken on a claim-by-claim basis. And we think that applies with full force to FLSA claims, and there's no statutory basis for doing otherwise. The Supreme Court said that the Supreme Court in BMS made clear it was speaking about specific jurisdiction over a claim. And here, the claim of the opt-in plaintiffs, it is true they are added through the opt-in process, but there is no authorization for the exercise of federal court jurisdiction under Rule 4 or under the FLSA or anywhere else. If Rule 4K requires for the federal court as a precondition to the exercise of personal jurisdiction, Rule 4K requires that there be appropriate service and that the claim is subject to the jurisdiction of the state court under the 14th Amendment minimum context principles. Here, you have neither. The fact that these claims are being asserted without formal processes hardly saves them from the requirement that there must be jurisdiction consistent with 14th Amendment principles. There is no provision in Rule 4 or anywhere else that authorizes the federal courts to exercise jurisdiction over claims that the state court has no authority to adjudicate in the absence of a federal service of process provision in the statute. There was no intent to benefit federal courts to have broader jurisdiction than state courts in the statute. All right, any other questions? Judge Barron, did you have a question? The provision you seem to be relying on is 4K, is that right? Yes, Your Honor, and then of this court's cases... What do I make of the fact that the title of 4K is not jurisdiction of the courts, but territorial limits on effective service? Well, again, I don't think that that's language that benefits the plaintiffs here that are out of state. Their claims are not subject to the territorial jurisdiction of the state court, and there is nothing in Rule 4K that authorizes the federal court to exercise jurisdiction over those claims. And I think that you can't interpret Rule 4 in that way. One, consistent with this court's cases that make clear that compliance with 14th Amendment due process principles are a precondition to the exercise of federal court jurisdiction. And two, that's consistent with BMS, which makes clear this has to be a claim-by-claim analysis with regard to those principles. And then the last point I would make about that, Your Honors, is that if you adopt that rule, then you have rendered the requirements for there to be state court jurisdiction largely meaningless because plaintiffs can add claims and new plaintiffs after that initial service of summons and then dramatically expand the scope of federal court jurisdiction without any intent that Congress intended for that to be the case. I think there are real problems with taking that interpretation of Rule 4K, and there is no case law support for reading it in that way. None. Not in this court and not in others. And specifically, this court's cases, I think, preclude that interpretation of Rule 4K. It recognizes that there is an independent requirement that before the federal court can exercise jurisdiction over a claim, the state court must have jurisdiction over that claim. That's what Congress provided. Thank you. At this time, Attorney Solomons, please mute your device, and Attorney Birch, please introduce yourself on the record. Good morning. My name is Rex Birch. Good morning, Counselor. You may proceed. Thank you, Your Honors, and may it please the Court. Again, I'm Rex Birch, and I represent Mr. Waters. Mr. Waters brought a collective action under the Fair Labor Standards Act, which is a federal law governing the payment of wages. He brought that claim in the federal court in Boston because he worked and lived in Plymouth, Massachusetts, which is within the District of Massachusetts. Congress specifically authorized a Fair Labor Standards Act plaintiff like Mr. Waters to bring an action for and in behalf of himself and others similarly situated. And that action can be maintained in any court, federal or state, of competent jurisdiction. Everyone agrees that Mr. Waters properly brought his case in the District of Massachusetts, properly served Day and Zimmerman with process, and brought him before the court. Congress also authorized other similarly situated employees to join that action, and they did so by saying all you have to do is file a written consent and be similarly situated. No court has ever held that employees who consent to join an FLSA collective action must also serve a defendant with process. Certainly nothing in the FLSA, or Rule 4 for that matter, requires that or even suggests that. And from 1938, when the FLSA was adopted, all the way through to 2017, courts have consistently held that a federal court could adjudicate the federal wage claims in an FLSA collective action of all similarly situated employees, regardless of whether they happen to be from the state where the federal court sat. Day and Zimmerman proposes a radical change to that rule, and it does so not based on a new statutory regime or a rule change, but rather based on the quote logic of Bristol Myers, a Supreme Court case applying the 14th Amendment to determine how a state court handles claims brought by folks who did not reside in that state, did not live in that state, were not injured in that state, and who had no tangible connection to that state whatsoever. Bristol Myers was explicit. We are not deciding, the court said, we are not deciding whether or not the 5th Amendment's limits on court jurisdiction would apply. We are not deciding what would happen in a federal court, much less what would happen if we were talking about a federal claim. Nonetheless, Day and Zimmerman says that the logic of this case… I don't mean to cut you off, but I am interested in the text of Rule 4 and the text of FLSA, which seems to me the only issue we actually have to resolve here is how do those two things work together. Day and Zimmerman seems to be arguing that the right understanding of Rule 4K is that the opt-in plaintiffs are subject to 4K, and you are saying they are not. So, could you just help me textually understand why they are not, given that 4K applies to the plaintiff, and the FLSA refers to the opt-ins as party plaintiffs? So, let's think about it like this. Let's start with Rule 4, just because that is where you started. If we are looking at Rule 4, Rule 4 says that the plaintiff has to file the lawsuit and then serve process, and he has to do so within 90 days. How would that rule even conceivably apply to a plaintiff who joined via the FLSA collective action process 180 days after the case was filed? The question here is always, how many cases are there? There is only one case, and that case has already been filed, served, and the defendant is already before the court on a federal claim. I translate that you want me to conclude then that the plaintiff that is referred to in Rule 4 has to be understood for purpose of an FLSA action that is collective as only the named plaintiff. Notwithstanding that the FLSA, for other reasons, refers to the opt-ins as party plaintiffs. Sure. Just one last question. Take outside the FLSA context, just an ordinary plaintiff who files a claim against a defendant on a federal question, cause of action in federal court, will be subject to 4K. We have to go through the due process minimum context because 4K requires that. If that plaintiff were to amend the complaint to add a plaintiff, under Rule 4, would that newly added plaintiff be subject to 4K? What I really want to understand is, do I need to know the answer to that question to resolve this case? If I don't need to know it, how do I avoid answering it? But it does seem like it's a fairly significant point that Mr. Sammons was raising. Let me tell you how I think you avoid that. Let me start at the end. The way you avoid that is you ask yourself, set Rule 4 to the side. How do we typically decide whether or not federal courts have jurisdiction over federal issues? What amendment do we look at as a constitutional matter? This is an incorporation of standards. If I amend my complaint to add a new plaintiff, is that plaintiff then able to just join in an ordinary action even though they don't satisfy 14th Amendment minimum context? Or is the right reading of Rule 4 that they are also the plaintiff even though they've been added? I think that the answer to that question, in my mind, would depend on whether or not you're talking about a federal claim or you're talking about a state claim. That's my understanding of it. The clear answer is that an opt-in plaintiff does not have to serve process. So whatever the rules are with respect to someone who is added... ...because it's not treating the opt-ins as an amended complaint, they're just coming in through consent. The other option is that Rule 4 itself only is interested in the first plaintiff who files. I just want to know what the answer is to that. If you don't know the answer to how we treat that, that's fine. I'm just trying to figure out whether it's all coming through Rule 4 itself or the FLSA is modifying what would be the default understanding under Rule 4. Your first statement is absolutely true and is consistent with everything that we've said, obviously. There is no amended complaint. If you join this case, you are joining Mr. Waters' complaint. You don't file an amended complaint. You don't add your own individual allegations. You don't change the complaint in any way. That is fundamentally different from somebody who is amended in and added in. As a plaintiff, it says, I work for Dan Zimmerman in Pennsylvania and I am amending in my Pennsylvania Minimum Wage Act claim along with my FLSA claim, for example. Item number one is clearly correct. The question of how you handle an amended complaint and a plaintiff that is added that way is just not raised here. Not for nothing, but the title of Rule 4 tells us what it is talking about. What it is talking about is how you serve process. It has to be where you are dealing with a state claim that the federal court steps into the shoes of the state court and is bound by the same 14th Amendment limitations on process that apply in the state court even for an added plaintiff, right? Sure. What about a federal claim for an added plaintiff? I don't think that those same rules apply, me personally, because I think Rule 4 has a pretty limited scope. Five minutes remaining. I'm sorry? Five minutes remaining. That limited scope is who the plaintiff can originally bring the defendant before the court. Because, again, the sovereign that matters for the purposes of a federal claim is the United States. And the United States can authorize a federal court to act with respect to that federal claim anywhere within the United States. That's part of the deal you have. Just like being a citizen of Massachusetts comes with certain rights and obligations, part of being part of the United States comes with certain rights and obligations. And the Fifth Amendment, again, we're talking about Dan Zimmerman's argument here is that as a constitutional matter... If, instead, what is significant here is that this is a special kind of FLSA, a special kind of federal claim, which is an FLSA claim where you can opt in through consent, that only seems to matter if Rule 4 would treat an ordinary federal claim for an amended added plaintiff differently, in which it might subject them. You see, that's what I think is why this matters. It matters to how we resolve the case, because it's whether we're construing Rule 4 or whether we're construing the FLSA as overriding Rule 4. Those are very different ways of thinking about the case. Well, I don't think it's overriding Rule 4, right? Because Rule 4 talks about what happens, for example, if there's an amended complaint. You know what I mean? And so it is completely consistent to say, hey, when you don't change the complaint, when you don't alter what was served on the defendant, then you don't have to re-serve process. And there's no question that for the original plaintiff, they have to be able to satisfy the 14th Amendment, because that's the way they bring the defendant before the court. Everybody agrees on that. But it would be odd to think of the 14th after service of process, to think of the 14th Amendment as limiting the way courts should address a federal claim. And so for the purposes of our case, Your Honor, it is the FLSA permits folks to join without filing an amended complaint and says all they have to do is be similarly situated. I think that matters, because that constrains who can join and file a consent with the court. And I just think that that in and of itself means, okay, I don't have to go back to Rule 4, because there's unequivocally no need to re-serve process. What about Appellant's argument that the FLSA doesn't confer nationwide jurisdiction? I don't think that that's particularly relevant, and let me tell you why. Congress could very easily have said, look, we don't want to allow you to file your lawsuit anywhere in the country. We want you to be able to file where they have employees, where these wage violations occurred. It's perfectly logical for them to say, look, you have to do it somewhere, not just where Dan Zimmerman does business, but where they actually have employees, where somebody did some work, where somebody was impacted by the policy. Because in this case, we say that they had a policy that applied to employees throughout the country that violated the Fair Labor Standards Act. But there's nothing that constrains application of the Fifth Amendment to cases that have nationwide service of process. Time has expired. Thank you. All right, any additional questions? Judge Dyke? So what you're saying is that if there were nationwide service of process, your plaintiff could live in Iowa and be sued in the District of Massachusetts. But since there is no nationwide service of process, at least the named plaintiff has to be subject to process in Massachusetts. That's correct. This isn't opening the floodgates to lawsuits anywhere, forum shopping deluxe by plaintiffs. They still have to be, as Mr. Waters was, suing in some place that they have a tangible connection. One last point. One reason that might make sense, if it makes sense, is because of this similarly situated requirement. Because it wouldn't make much sense to do it if there was no relationship between the opt-ins and the named plaintiff. It's hard to see why Congress would want to make you have to pick a court that's related to the first plaintiff, unless the ones that opt-in have some relationship in their case. Is there case law about what that similarly situated requirement consists of? Yes. So there is case law we can find about what the tests are for being similarly situated? Yes. How close is it to the Rule 23 standards? So to hear my friends from the Chamber of Commerce tell us, it's very similar. The standards vary somewhat from circuit to circuit. And I don't know, in fact, I'm pretty sure that the First Circuit has not specifically addressed it. The overwhelming majority of courts apply a standard from the Third Circuit called Lusardi, which involves that there's a conditional certification stage where notice gets sent out and people get to join. And then there's an actual certification that happens at the second stage that looks at are these folks similar enough? Are their claims related enough to each other such that I can decide them collectively? That I can say, you know, you violated the law with respect to Judge Barron. That means you also violated it with respect to Judge Dick. Thank you. Thank you, Counselor. Thank you. At this time, would Attorney Salmons please unmute his device and introduce himself to the court again? Yes. If you can hear me, I'm David Salmons for the appellant. Your Honors, I'd like to make a few points. The first is that the suggestion that the reading of 4K that we are putting forward here is a radical change in some way is just the opposite. My friend on the other side cannot point to any court that has adopted his reading of Rule 4K that would allow parties to evade the jurisdictional restriction merely by joining after the initial complaint was served. No court of all the courts that have decided this issue below 28 or so, none of those courts have adopted that kind of reading of 4K. No circuit has. The Supreme Court has not. And the idea that in their position, let me be clear, would require a holding. Anytime claims are joined after the initial service of process, then it's a free run on the jurisdictional question and there are no restrictions anymore. And that can't possibly be right. Is there a case law saying that under Rule 4K, when you amend the complaint to add a plaintiff who is bringing a federal question claim, that that claim, that plaintiff also has to meet the requirements of 4K? I'm sorry, Your Honor. There is case law that requires, for example, is this the question about similarly situated? No. In an ordinary case, not FLSA, plaintiff one brings federal question claim in federal court. They are subject to the requirements of Rule 4K, correct? Sure. Okay. They now amend the complaint and add a new one who brings his own non-FLSA but federal question claim. Is that new plaintiff in the amended complaint subject to 4K on his federal question claim? It may not require additional service of process, but there is a jurisdictional limit that if that claim, there is precedent for that. And I would point the court to Judge Silberman's separate decision in the Moosak case in the D.C. Circuit who walks through this and explains how when parties are added later in a case, they're still subject to that jurisdictional requirement. Let me try to walk through the language of 4K and see if I can help resolve confusion here. I think when Your Honor was referencing the plaintiff, Your Honor is referencing Section A of Rule 4, which talks about the plaintiff has to present the summons. Then when you get to Rule 4K, the heading that Your Honor referred to is the territorial limits of effective service and specifically when that service is effective in invoking the federal court's jurisdiction. And what that rule requires is that otherwise complicit service is only effective in invoking federal court jurisdiction if the defendant is subject to jurisdiction of the state court. And everyone agrees that that inquiry, that 14th Amendment inquiry, is a claim by claim inquiry. The problem though is the word service hooks you back to the service by the original plaintiff on the defendant. That's what I'm having trouble texturing. Well, but this is my point, Your Honor, is that let's imagine you have an original plaintiff who serves multiple claims. It doesn't have to be an FLSA action. And some of the claims arise out of the defendant's conduct in the forum state and some of the claims are completely unrelated to the defendant's conduct in the forum state. Under Rule 4K, it would only be the claim that is related to the defendant's conduct that the federal court could exercise jurisdiction over. There is no dispute, I think, that the constitutional question, which Rule 4 incorporates by operation of the rule, is a claim by claim analysis. So yes, this plaintiff, the in-state plaintiff, served the complaint and it purported at that time the only claim was his in-state claim. And there was federal court jurisdiction over that in-state claim. But at the time of that initial filing, if there had been an out-of-state plaintiff as well, there would not be federal jurisdiction over that claim if it was brought at the same time. And why should there be federal court jurisdiction by allowing plaintiffs to wait and add foreign plaintiffs later? The question, even under Rule 4K at the outset, is does the federal court have jurisdiction over the claim? And the initial service is not sufficient to establish federal court jurisdiction over out-of-state claims. And the fact that the party is added later, that may not have to trigger additional service. It's the same as when you amend under Rule 5 and serve an amended complaint with a new plaintiff and new claims. So based upon your interpretation, it would result in only Massachusetts claimants being able to join? Your Honor, it would be the exact same situation as the mass actions in BMS. So they could all sue in a state where there's general jurisdiction, Pennsylvania and Delaware, or the plaintiff here could maintain a suit in Massachusetts and only Massachusetts plaintiffs could opt in. We're only seeking to dismiss the plaintiffs that the federal court doesn't have jurisdiction over. And that's exactly what the Supreme Court did in BMS. And everyone that's looked at all the courts of appeals that have looked at FLSA has compared it to take the Ninth Circuit in Campbell, for example, makes clear that it's the equivalent of a mass action. It's not a representative action like a Rule 23 class. The Supreme Court said it's fundamentally different than that. Congress made clear that it's the actual claims that are being litigated by those plaintiffs. And they can't litigate those claims in the Massachusetts federal court since all of the conduct that's at issue did not occur there. Go ahead, Judge Dyke. It seems to me you're saying that even if the statute provided for nationwide service of process, solving the process problem, that somehow Rule 4 in a federal claim situation would still limit the jurisdiction of the federal court. Because according to you, Rule 4 has two purposes, one process and second jurisdiction. No, Your Honor, that's incorrect. And that's because jurisdiction would then be established under 4K1AC, which specifically provides a different pathway to federal court jurisdiction when Congress has provided for nationwide service of process. So the rule already encompasses that. Suppose they deleted that provision. Suppose the rest of Rule 4 provided for nationwide service of process, 4K is still in and that provision you just referred to was deleted. Your view is 4K independently is a jurisdictional bar that subjects federal question claims in federal court to 14th Amendment standards. Yes, Your Honor. And I would point out that that's just not my position. The Supreme Court in Walden, which was a federal question case, said that to determine whether the federal district court is authorized to exercise jurisdiction over a defendant, we ask whether the exercise of jurisdiction comports with the limits imposed by federal due process. With respect to the nameplate, if they didn't suggest that was true with respect to everyone added after. Well, the Supreme Court has always held, and again, this is reaffirmed. I think it's reaffirmed in Walden. I think it's clearly reaffirmed in BMS. That constitutional due process inquiry is required to be made claim by claim. No, you're just skipping. Well, the last time I'm going to say, you're now shifting to the constitutional question. We were talking about what Rule 4 demands in the federal question case in federal court. It doesn't matter what they said in BMS because BMS didn't address what to do with a federal question claim in federal court under Rule 4. That part, I agree with your honor. But what Rule 4 does is, again, this court's cases are 100% consistent on this. What Rule 4 does is it incorporates that constitutional due process standard for federal courts over claims that are asserted in the absence of a nationwide service of process. In the absence of nationwide service of process, Rule 4K mandates that the federal court not exercise jurisdiction unless the state court could. That is not just about how to serve. That is a limit over the federal court's jurisdiction over the defendant. It is claim by claim just like the 14th Amendment is claim by claim. When Congress incorporated the 14th Amendment into that analysis, it incorporated the claim by claim element of the 14th Amendment. You cannot cheat out from under that by pretending that it doesn't have a claim by claim component. That's what Congress provided. Every court that has looked at it has used language that supports that. No court has said the opposite. Thank you, Counselor. Thank you. That concludes argument in this case. Attorney Salmons and Attorney Birch, you should disconnect from the hearing at this time.